# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTELL JOHNSON,<br>      Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br>      Respondent. | CIVIL NO. 08-5721<br>CRIMINAL NO. 99-155 |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                December 28, 2009

Pending before the Court is Petitioner Martell Johnson's Habeas Corpus Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons that follow, Petitioner's Motion is **DENIED**.

## I. BACKGROUND

On March 23, 1999, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging Petitioner with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[2] 18 U.S.C. § 922(g)(1) is the offense of possession of a firearm by a convicted felon, and § 924(e) sets sentencing requirements for violators of § 922(g)(1) who have been convicted of three additional separate violent felonies or serious drug

---

[1] Doc. No. 39. All docket numbers referenced herein refer to criminal docket 99-155.

[2] Doc. No. 1.

1

crimes.³ Petitioner, represented by counsel, pled guilty to the indictment on June 14, 1999. On August 23, 1999, Petitioner was sentenced to a term of imprisonment of 235 months, supervised release for three years, and a special assessment of 100 dollars.⁴ Petitioner did not file a direct appeal.

There was no further action in this matter until February 19, 2008, when Petitioner submitted a *pro se* Motion for Reduction of Sentence Applying Retroactive Guideline Amendments Pursuant to § 3582(c)(2) and Additional Revision to § 1B1.10 in Accordance with Amendment 709.⁵ The Motion was dismissed by this Court, as the sentencing guideline amendments referenced by Petitioner did not apply to the indicted charge in his case.⁶ On December 10, 2008, Petitioner filed the instant post-conviction Motion, arguing that his counsel was ineffective for permitting Petitioner to be sentenced for a violation of 18 U.S.C. § 924(e) when no such violation had been charged in the indictment.⁷ The Government submitted a response, stating that Petitioner's Motion was untimely and also lacked merit.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),⁸ motions for collateral relief filed pursuant to 28 U.S.C. § 2255 are subject to a one-year period of

---

³See 18 U.S.C. § 922(g)(1) (2009); 18 U.S.C. § 924(e) (2009).

⁴The case was reassigned to this Court from the docket of the Late Honorable Judge Charles R. Weiner.

⁵Doc. No. 29.

⁶See Doc. No. 32. Petitioner appealed the Court's decision but later voluntarily dismissed the appeal.

⁷In fact, § 924(e) was explicitly referenced in the indictment, the Government's Notice of Defendant's Prior Convictions for Enhanced Sentencing, and the Government's Change of Plea Memorandum. See Doc. Nos. 1, 8, 18.

⁸28 U.S.C. § 2241 *et seq*. (2009).

2

limitation. After one year, a court no longer has jurisdiction to consider a petitioner's motion, taking into account the possibility of equitable tolling. The period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[9]

For Petitioner, this period began to run on the date that the judgment of conviction and sentence became final. According to Third Circuit precedent, it became final when time to appeal his sentence to the Court of Appeals expired: September 7, 1999.[10] Thus, Petitioner had until September 7, 2000, one year later, to file a § 2255 petition. Ignoring this deadline, he waited more than eight years to file this collateral appeal. Therefore, Petitioner's Motion is untimely and subject to dismissal.

Petitioner asserts that, even though several years have passed since the limitations period expired, equitable tolling is warranted. Equitable tolling applies to Petitioner's claims if he shows that 1) he has been diligent in pursuing his rights, and 2) extraordinary circumstances have prevented him from timely filing his petition.[11] In general, "courts should be sparing in their use of

---

[9] 28 U.S.C. § 2255 (2009).

[10] See Kapral v. United States, 166 F.3d 565, 569 (3d Cir. N.J. 1999).

[11] See Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

3

equitable tolling, applying it 'only in the rare situation where it is demanded by sound legal principles as well as the interests of justice.'"[12] The Court finds no reason to apply equitable tolling here. All of the information set forth in Petitioner's Motion was available to him at the time of sentencing, and could have been submitted for review on or before September 7, 2000. Petitioner's explanation that he was "guided by his lawyer and was naive, ignorant to the laws, as well as uninterested to what was going on at that time"[13] certainly does not amount to "extraordinary circumstances" preventing him from timely filing. Petitioner's Motion is time-barred, and thus this Court lacks jurisdiction to address the merits.

Upon the denial of the instant Motion, we must determine whether to recommend that a certificate of appealability issue.[14] Habeas corpus appeals are governed by 28 U.S.C. § 2253, which permits a certificate to issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[15] When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the petitioner must show that reasonable jurists would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling.[16] Section 2253 requires both components to be satisfied by the petition in order for a certificate of appealability to issue. In the instant case, this Court's procedural ruling, based on the failure of Petitioner to file within the

---

[12] Brown v. Klem, No. 05-824, 2006 U.S. Dist. LEXIS 4019, at *20-21 (E.D. Pa. Feb. 3, 2006) (quoting LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005)).

[13] Pet'r's Traverse in Opp. to Gov't's Resp. to Pet'r's 18 U.S.C. § 2255 on Grounds for Actual Innocence, Fundamental Miscarriage of Justice and Cause & Prejudice 4 [Doc. No. 43].

[14] See 28 U.S.C. § 2253 (2009); Third Circuit Local Appellate Rule 22.2.

[15] 28 U.S.C. § 2253(c)(2).

[16] Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4

limitations period, is not debatable.  Thus, the merits of Petitioner's constitutional claim need not be reached in order to determine that no certificate of appealability shall issue.

Petitioner's Motion is dismissed as untimely.  An appropriate Order follows.